Edward J. Maney
Chapter 13 Trustee
101 N. First Ave., Suite 1775
Phoenix, Arizona 85003
Telephone (602) 277-3776
ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| In re: | ) | CHAPTER 13 PROCEEDINGS |
| | ) | |
| SCOTT KENT GARTNER, | ) | CASE NO. # 2: 19-11136-DPC |
| MILLIE LYNN SMITH, | ) | |
| | ) | TRUSTEE'S EVALUATION AND |
| | ) | RECOMMENDATION(S) REPORT WITH |
| | ) | NOTICE OF POTENTIAL DISMISSAL IF |
| | ) | CONDITIONS ARE NOT SATISFIED |
| | ) | RE: CHAPTER 13 PLAN |
| (Debtor(s) ) | | docket #18   *filed September 24, 2019* |

Edward J. Maney, Trustee, has analyzed the Debtors' Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

**General requirements:**

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. *Please submit a copy of the Court's Claims Register with any submission of the Order Confirming.*

b. Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

d. The Debtors are required to provide directly to the Trustee, *within 30 days after their filing*, copies of their federal and state income tax returns for every year during the duration of the Chapter 13 Plan. This requirement is to be included in any Order Confirming.

e. The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

f. The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders."

g. At the time of confirmation, the Trustee will require the Debtors to certify that they are current on all required tax filings and any domestic support orders.

h. At the time of confirmation, the debtor(s) are required to certify, via language in the Order Confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case <u>and</u> that they are current on all required tax return filings [pursuant to 11 U.S.C. §1308].

i. DEBTORS / DEBTORS' COUNSEL REMINDER - A letter is to be submitted to the Trustee, accompanying any Order Confirming, addressing all issues as they are listed in the Trustee's Recommendation.  <u>In addition, **all** documents (ex: tax returns, paystubs etc.) submitted to the Trustee must be redacted – in compliance with Fed.R.Bankr.P.9037 -- by debtors and/or their counsel.</u>

**Specific Recommendations:**

1. The Trustee requires the debtors supply a copy of statements that reveals the balance on hand - in <u>all</u> six (6) of their financial/bank accounts - on the date of the filing of their case.

2. The proof of claim filed by Eagle Home Mortgage (payment arrears - claim #15) differs by classification and/or amount from this creditor's treatment under the Plan.  To resolve this discrepancy, the Trustee requires either; a) Debtor object to the Proof of Claim; b) the creditor sign-off on an Order Confirming; c) the Order Confirming be altered to pay the creditor pursuant to the Proof of Claim <u>including payment of the contract rate of interest</u>; or d) Debtor file an Amended Plan to provide for the creditor's claim as shown by the Proof of Claim.

3. The Arizona Department of Revenue's proof of claim [#7] dated September 20, 2019 indicates the Debtor has not filed income tax returns for 2018.  The Trustee requires Debtor to immediately prepare and file all unfiled tax returns.  **Failure to file said returns or the required Affidavit within 30 days from the date of this Trustee's Recommendation and providing a stamped copy of said returns may result in the Trustee lodging an Order automatically dismissing Debtor's case.**

4. The Chapter 13 Plan states that Mechanics Bank (2016 Dodge Grand Caravan – claim #12) will be paid amounts greater than that listed on their proof of claim.  The debtor may use the lesser claim amount in the Stipulated Order Confirming Plan.

5. The Debtors received significant tax refunds for 2018, which, if allowed to continue, would constitute a diversion of projected disposable income.  The Trustee requires the Debtors to adjust payroll tax deductions to prevent over- or under-withholding, amend Schedule I increasing Plan payments accordingly and provide two consecutive pay stubs to verify this has been corrected **OR** turn over tax refunds for each year during the life of the plan (2019, 2020, 2021, 2022 and 2023) as supplemental plan payments.

6. The Arizona Department of Revenue has filed an objection to the Plan.  The Trustee requires the objection to be resolved prior to confirmation of the Plan.

7. Considering items #2, #3, #4 and #6, the Trustee's analysis reveals a $2,644 funding shortfall including Chapter 7 Reconciliation, which must be cured before the Plan can be confirmed.

7. Plan fails to provide a specific day of the month by which the first and subsequent payments are to be paid into the Plan. The Trustee has established a constructive payment due date of the 30th day of the month with the first interim payment to be paid on or before September 30, 2019.

   In summary, the Plan can be confirmed subject to the condition(s) noted above, adequate funding, and timely filed Stipulated Order Confirming, and Court approval. ***The Trustee requires that any Stipulated Order Confirming contain the "wet" signatures from the debtors (where applicable), debtors counsel and objecting creditors if there are any.*** General unsecured creditors (including secured creditors with unsecured deficiency balances) will be paid through the Trustee, approximately $3,874 or an estimated 4% of general unsecured claims, subject to timely filed and allowed claims. Chapter 7 reconciliation requirement must be met given debtors' scheduled $6,253 equity in non-exempt property at petition date. **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to resolve item(s) #1, #3, #6 above and submit a Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of the mailing of this Trustee's Recommendation.**

Date See Electronic Signature Block

.

             EDWARD J. MANEY,
             CHAPTER 13 TRUSTEE

By: *Edward J. Maney, Esq.* (Digitally signed by Edward J. Maney, Esq. Date: 2019.11.19 13:34:09 -07'00')

  Edward J. Maney ABN 12256
  CHAPTER 13 TRUSTEE
  101 North First Ave., Suite 1775
  Phoenix, Arizona 85003
  (602) 277-3776
  ejm@maney13trustee.com

Copies of the forgoing
mailed on [see electronic signature],
to the following:

Scott Gartner
Mollie Smith
35716 W. Superior Ave.
Tonapah, Arizona 85354
Debtors

Thomas A. McAvity, Esq.
4742 North 24th Street
Suite #300
Phoenix, Arizona 85016
Debtors' counsel

By: _____
    Trustee's Clerk

*Digitally signed by Grace Harley Date: 2019.11.19 13:44:29 -07'00'*